Case 4:23-cv-00780   Document 13   Filed on 03/13/24 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
March 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL D.,[1] | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 4:23-cv-780 |
| MARTIN O'MALLEY, Acting Commissioner of Social Security, | § § § § § | |
| *Defendant.* | § | |

# MEMORANDUM AND ORDER

Plaintiff Daniel D. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act").[2] Plaintiff filed a motion for summary judgment. Pl.'s MSJ, ECF No. 9. Defendant filed a cross motion for summary judgment. Def.'s Cross MSJ, ECF No. 11. Plaintiff filed a reply. Pl.'s Reply, ECF

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On April 28, 2023, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order Transferring, ECF No. 4.

1

No. 12. Plaintiff seeks an order rendering benefits or remand for further consideration, arguing that the ALJ "failed to resolve the apparent conflicts between the testimony of the vocational expert ("VE") and the contents of the Dictionary of Occupational Titles ("DOT")." ECF No. 10 at 1. Commissioner counters that the ALJ properly relied on the VE's testimony. ECF No. 11 at 5. Based on the briefing, the record, and the applicable law, the Court finds that Plaintiff waived any argument related to a purported conflict between the VE's testimony and the DOT and may not now raise the issue. Thus, Plaintiff's motion for summary judgment is denied, and the ALJ's decision is affirmed.

I.   **BACKGROUND**

Plaintiff is 50 years old, R. 28, 74, 88[3] and attended some college. R. 24, 45–46. Plaintiff worked as a machine setup operator, utility cleaner, vendor, kitchen aide attendant, carpenter/handyman, and warehouse attendant. R. 28, 85–86, 100–01. Plaintiff alleges a disability onset date of June 30, 2019. R. 18, 75, 89. Plaintiff claims he suffers physical and mental impairments. R. 74–75, 88.

On December 3, 2019, Plaintiff filed his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act. R. 20, 74, 88, 309–30, 331–37. Plaintiff based his application on mood problems, chronic back pain (whole back), low blood potassium, severe depression, blood clotting

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 8.

disorder, anxiety, and a torn meniscus in his left knee. R. 74–75. The Commissioner denied his claim initially, R. 74–87, and on reconsideration, R. 88–102.

A hearing was held before an Administrative Law Judge ("ALJ"). A non-attorney representative represented Plaintiff at the hearing. R. 107. Plaintiff and a vocational expert ("VE") testified at the hearing. R. 107, 113, 120. The ALJ issued a decision denying Plaintiff's request for benefits. R. 104–24. The Appeals Council remanded Plaintiff's case to the ALJ because "[a]n audit of the hearing recording revealed that it is inaudible," and "[t]herefore, the record is incomplete." R. 125–30.

Another hearing was held before the ALJ. R. 36–72. An attorney represented Plaintiff at the hearing. R. 38. Plaintiff and a vocational expert ("VE") testified at the hearing. R. 37, 45, 59. The ALJ issued a decision denying Plaintiff's request for benefits.[4] R. 15–35. The Appeals Council denied Plaintiff's request for review,

---

[4] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 28–29. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date through his date last insured. R. 20 (citing 20 C.F.R. § 416.971 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: status post meniscus tear (left knee), moderately severe degenerative spinal canal stenosis at L2, L3, L3-L4, and L4-L5, scoliosis, moderate degenerative spinal canal and severe bilateral foraminal stenosis and mild degenerative spinal canal and severe bilateral foraminal stenosis at C6-C7, cervical radiculopathy, emphysema, chronic pain, depression, and anxiety. R. 20–21 (citing 20 C.F.R. § 416.920(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 21–23 (referencing 20 C.F.R. §§ 416.920(d), 416.925, 416.926). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 416.967(c), except that Plaintiff can sit, stand, or walk a total of 6 hours each during an 8-hour workday, walk at a reasonable pace the distance of a block, but no walking on uneven surfaces; Plaintiff requires the use of an assistive device for ambulation, would be able to sit for 30 minutes, stand for 30 minutes, and walk for 30-minute intervals, and no

upholding the ALJ's decision to deny benefits. R. 1–7. Plaintiff appealed the Commissioner's ruling to this court. Compl., ECF No. 1.

## II. STANDARD OF REVIEW OF COMMISSIONER'S DECISION.

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . ., with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.* Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). "Substantial evidence" means "such relevant evidence as a reasonable mind might

---

overhead reaching, bilaterally; Plaintiff is limited to occasional crouching, stooping, and balancing, is unable to crawl, kneel, or use scaffolding, ropes, or ladders, and should avoid concentrated exposure to environments of extreme cold, humidity, and vibration, concentrated exposure to respiratory irritants, including fumes, odors, dusts, gases, and areas of poor ventilation, concentrated exposure to hazards, including dangerous machinery and unprotected heights; Plaintiff is limited to performing simple, repetitious, work, with no more than 1-2 or 3 step instructions in a routine work setting, and should have only occasional interaction with coworkers, supervisors, and the general public. R. 23–28. At step four, the ALJ determined that Plaintiff was unable to perform his past relevant work. R. 28 (citing 20 C.F.R. § 416.965). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in the national economy that Plaintiff can perform: office helper and toll collector. R. 28–30 (citing 20 C.F.R. § 416.969, 416.969a). Therefore, the ALJ concluded that Plaintiff was not disabled. R. 29.

accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of Commissioner, even if the evidence preponderates against Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for Commissioner's decision and involves more than a search for evidence supporting Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting Commissioner's

findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

### III. DISABILITY INSURANCE BENEFITS AND SUPPLEMENTAL SECURITY INCOME UNDER THE ACT.

The Act permits the payment of insurance benefits to persons who have contributed to the program and who suffer a physical or mental disability. 42 U.S.C. § 423(a)(1)(D). These payments are referred to as disability insurance benefits. The Act also permits Supplemental Security Income ("SSI") payments to the aged, blind, and disabled to assure that their income does not fall below the poverty line. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.110. Although these programs are distinct, applicants must prove "disability" under both sections. *See* 42 U.S.C. § 423(d)(1)(A) (disability insurance); 42 U.S.C. § 1382c(a)(3)(A) (SSI). Both sections define disability using virtually the same language. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

"Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (using "unable" rather than "inability"). A physical or mental

6

impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). "The suffering of some impairment does not establish disability; a claimant is disabled only if he is 'incapable of engaging in any substantial gainful activity.'" *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1987)). "The law and regulations governing the determination of disability are the same for both programs." *Roberts v. Colvin*, 946 F. Supp. 2d 646, 657 (S.D. Tex. 2013) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)).

## IV. THE SHIFTING BURDEN OF PROOF.

The Act places the burden of establishing disability on the claimant. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). To be entitled to disability insurance benefits, a claimant "must show that he was disabled on or before the last day of his insured status." *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir. 1981). SSI benefits are dependent on proof of disability and indigence, and a claimant can receive SSI payments once he applies to the program, no matter how long he has been disabled. *Torres v. Colvin*, No. 4:13-cv-2571, 2014 WL 4064002, at *6 (S.D. Tex. Aug. 15, 2014) (citing 42 U.S.C. §§ 1382a, c(a)(3), *Brown v. Apfel*, 192 F.3d 492, 495 n.1 (5th Cir. 1999), and 20 C.F.R. § 416.335).

Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

V. **COMMISSIONER IS ENTITLED TO SUMMARY JUDGMENT.**

Plaintiff raises one issue. Plaintiff argues that the ALJ failed to resolve apparent conflicts between the VE's testimony and the DOT. ECF No. 10 at 1. Plaintiff contends that according to the DOT, "both of the occupations adopted by the ALJ are actually precluded by the restrictions identified by the ALJ," and therefore because the ALJ relied on faulty VE testimony at step five, the ALJ "failed to identify a significant number of occupations in the national economy that [Plaintiff] was capable of performing." *Id.* at 3–4. Plaintiff points out two alleged conflicts: (1) the toll collector occupation requires a reasoning level of three, which requires the ability to carry out detailed instructions, but the ALJ limited Plaintiff's RFC to simple, repetitious work with no more than three step instructions, *id.* at 6–7; and (2) the toll collector occupation required a greater level of social interaction

than the RFC's limitation to only occasional interaction with coworkers, supervisors, and the public, *id.* at 11–12.

Commissioner responds that "the ALJ complied with the SSR 00-4p by asking the [VE] whether his testimony was 'consistent with the provisions of the [DOT],'" the VE "did not inform the ALJ of any conflicts between his testimony and the DOT," and Plaintiff did not challenge the [VE] regarding the alleged conflict between his testimony and the DOT regarding the toll collector job." ECF No. 11 at 6. Further, the Commissioner argues that there is no conflict with the VE's testimony and the DOT, and therefore, the ALJ did not err in relying on his testimony. *Id.* at 7.

"An 'ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so.'" *Woodard v. Berryhill*, No. 3:16-CV-126, 2017 WL 4403323, at *4 (S.D. Tex. Sept. 29, 2017) (quoting *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000)). "The Fifth Circuit has noted that, in the case of conflicts between the DOT and a VE's testimony, 'the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation.'" *Id.* (quoting *Carey*, 230 F.3d at 146). "Neither the DOT nor the [vocational expert] evidence automatically 'trumps' when there is a conflict." *Id.* (quoting SSR 00–4p, 2000 WL 1898704, at *2). "If there is a conflict, implicit or express, SSR–04p states that the 'adjudicator must resolve the conflict by determining if the explanation

9

given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.'" *Id.* (quoting SSR 00–4p, 2000 WL 1898704, at *2).

> The ALJ assessed Plaintiff's RFC as follows:
>
> After careful consideration of the entire record, I found [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except he could sit, stand, or walk a total of 6 hours each during an 8-hour workday. [Plaintiff] is able to walk at a reasonable pace the distance of a block. However, there should be no walking on uneven surfaces. [Plaintiff] requires the use of an assistive device for ambulation. [Plaintiff] would be able to sit for 30 minutes, stand for 30 minutes, and walk for 30-minute intervals. There should be no overhead reaching, bilaterally. [Plaintiff] is limited to occasional crouching, stooping, and balancing. [Plaintiff] is unable to crawl, kneel, or use scaffolding, ropes, or ladders. [Plaintiff] should avoid concentrated exposure to environments of extreme cold, humidity, and vibration, and should avoid concentrated exposure to respiratory irritants, including fumes, odors, dusts, gases, and areas of poor ventilation. [Plaintiff] should avoid concentrated exposure to hazards, including dangerous machinery and unprotected heights. [Plaintiff] is limited to performing simple, repetitious, work, with no more than 1-2 or 3 step instructions in a routine work setting, and should have only occasional interaction with coworkers, supervisors, and the general public.

R. 23.

At the hearing, the ALJ gave the above RFC to the VE and asked if such a person could perform any jobs in the national economy, such as officer helper, toll collector, clerical router, document preparer, charge account clerk, and surveillance system monitor. R. 63–65. The VE testified that all those listed jobs could be performed by someone with the given RFC except for clerical router. R. 65. The VE

testified that there were 14,000 office helper positions, 32,000 toll collector positions, 33,000 charge account clerks, and 11,000 surveillance system monitors nationally. R. 65–66.

The ALJ then allowed Plaintiff's attorney to ask the VE questions. R. 66. The attorney gained clarification on surveillance system monitors—the VE testified that someone who was distracted by constant pain and needed to often shift positions would struggle to do that work. R. 68. The attorney also gained clarification on document preparers—the VE testified that this position had a higher reasoning level than what the ALJ allowed in the RFC. R. 69.

The ALJ then asked the VE if his testimony was consistent with the DOT, and the VE responded it was. R. 70. The ALJ then asked Plaintiff's attorney if he had any more questions for the VE and he responded that he did not. R. 70. In her written decision, the ALJ found at step five, that considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform: specifically, office helper and toll collector. R. 29.

### 1. Plaintiff Waived His Argument Related to Any Conflict Between the VE's Testimony and DOT Regarding Reasoning Levels.

The Court turns first to Plaintiff's argument that the toll collector position requires a higher reasoning level than that contemplated by Plaintiff's RFC. A restriction to simple tasks, like Plaintiff's RFC, does not necessarily preclude the

ability to perform jobs with a reasoning level of 3 or higher, such as the level associated with "toll collector." *See Arrington v. Colvin*, No. 4:12-CV-01390, 2013 WL 12100718, at *12 (S.D. Tex. Sept. 18, 2013) (citing *Gaspard v. Soc. Sec. Admin. Com'r*, 609 F. Supp. 2d 607, 616 (E.D. Tex. 2009) (while the court "conclude[d] that a possibility exists that some jobs requiring reasoning level 2 or higher *may* conflict with plaintiff's specific limitations," it determined that "such conflict . . . [wa]s only arguable, not obvious or direct."); *Gonzalez v. Astrue*, 2012 WL 1458094 (S.D. Tex. Apr. 26, 2012) (VE's testimony and the DOT did not conflict because the plaintiff was restricted to "simple" and "repetitive tasks," but he was not restricted to "a specific reasoning level")). As in *Arrington*, the ALJ here did not restrict Plaintiff's RFC to any specific reasoning level, and therefore, any purported conflict between the VE's testimony and the DOT is implied, at best, and not direct. *See Arrington*, 2013 WL 12100718, at *12.

In instances of implied conflicts, "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing." *Id.* (quoting *Carey,* 230 F.3d at 146). As noted above, the VE testified that his testimony was consistent with the DOT. R. 70. Therefore, the ALJ was not required to address an implied conflict in

her written decision. *See Brumley v. Saul*, No. 4:20-CV-585, 2021 WL 1111045, at *5 (S.D. Tex. Mar. 23, 2021) ("The VE in this case testified that his 'testimony conform[ed] both to the Dictionary of Occupational Titles as well as related publications[.]' Thus, the ALJ was not required to address an implied conflict in his decision."). And further, because the Plaintiff's attorney did not cross-examine the VE on these purported conflicts, Plaintiff waived this issue and is not entitled to remand. *See id.* ("the ALJ gave Brumley's counsel the opportunity to cross-examine the VE and his counsel declined to ask any questions or identify any conflict between the VE's testimony and the DOT. As a result, Brumley waived the issue and is not entitled to remand on the basis of an implied conflict.") (citing *Arrington*, 2013 WL 12100718, at *12 (citing *Carey*, 230 F.3d at 146–47)); *see also Woodard*, 2017 WL 4403323, at *5.

### 2. Plaintiff Waived His Argument Related to Any Conflict Between the VE's Testimony and DOT Regarding Social Interaction.

The Court reaches the same conclusion regarding Plaintiff's contention that the VE's testimony conflicts with the DOT regarding his level of social interaction. "The DOT description of a 'toll collector' does not contain a requirement of more than 'occasional' 'interaction with the general public.'" *Okert v. Colvin*, No. 4:15-CV-00435, 2016 WL 1266966, at *16 (S.D. Tex. Mar. 31, 2016) (quoting D.O.T. CODE: 211.462.038). At the hearing, the VE testified that an individual limited to occasional interaction with the general public would be capable of performing the

job of a toll collector. R. 64, 65. And again, Plaintiff's attorney was given an opportunity to cross-examine the VE on this purported conflict, but the attorney declined to do so—Plaintiff may not raise the issue now. *See id.*; *see also Brumley*, 2021 WL 1111045, at *5; *Arrington*, 2013 WL 12100718, at *12; *Carey*, 230 F.3d at 146-47; *Woodard*, 2017 WL 4403323, at *5.

Accordingly, Plaintiff has failed to demonstrate any reason to disturb the ALJ's decision.

## VI. CONCLUSION

Therefore, it is **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 9, is **DENIED**. It is further **ORDERED** that the Commissioner's motion for summary judgment, ECF No. 11, is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. This case is **DISMISSED WITH PREJUDICE**.

Signed at Houston, Texas, on March 12, 2024.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**